RECEIVED
SDNY PRO SE OFFICE

2018 APR 24  PM 3: 53

S.D. OF N.Y.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ABRAHAM MYKOFF; RON GREENBERG, : <br> **Plaintiffs** : <br> v. : <br> Home Depot, Inc. et al, : <br> **Defendants** : <br> _____ | **CASE NO.: 17 Civ. 8466 (GBD)** <br><br> **AFFIDAVIT OF** <br> **ABRAHAM J. MYKOFF** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED:   4|24|18

STATE OF NEW JERSEY          )
                                              ss.
COUNTY OF MIDDLESEX      )

BEFORE ME, the undersigned authority, personally appeared ABRAHAM J. MYKOFF who is personally known to me or who produced ___NJ Driver License___ (type of identification) and who, after having made affirmation says:

1.  I have personal knowledge of the matters set forth herein. I am Plaintiff pro se in the above-styled matter, and the Officers and Directors of Congregation Poile Zedek have appointed me as the Congregation's Rabbi.

2.  On November 3, 2017 I filed a civil complaint against Home Depot, Inc. and co-defendants. Because I am not a lawyer, not versed in the law, and not computer literate, an assistant helped me to prepare the documents required by the court. Among them was a set of summonses, which my assistant hand-delivered to the Clerk for signing. On information and belief, the Clerk instructed my assistant that before the summonses can be served on the defendants, each summons prepared by a pro se litigant must undergo a screening and approval process and then be signed by the Clerk. The Clerk gave instructions to watch for a package of summonses to be mailed by the Clerk to my residence address

[1]

located at 401 North Fifth Avenue, Edison NJ 08817.  Although I have been watching for the package every day, to date no package ever came.

3.  During the interim, my assistant fell ill and required hospitalization, thus limiting my ability to monitor case status and progress toward serving summonses on the defendants.  This week I obtained the aid of an alternate assistant who was able to examine the docket and discover two Orders issued by the court and two sets of documents supposedly mailed by the Clerk to my residence address.  I reiterate that to the best of my knowledge and belief, none of those four sets of documents (identified on the Docket as Items 4, 5, 6 & 7) has ever been delivered to my residence address by U.S. mail or by courier.

4.  The Docket discloses that one or more errors occurred within the Clerk's Office while processing and handling the summonses.  Specifically the Header for Item 6 includes the Clerk's declaration that the SERVICE PACKAGE contains: "… one or more summonses (only if you have paid the fee in person or if the judge has ordered that a summons be issued to you) - 17 copies of Summons(es) mailed."  It is self-evident from perusal of the contents of Item 6 electronically filed by the Clerk, that in fact no summons is visible in that document.  While it is tempting to speculate that the same Clerk who omitted the summonses from the SERVICE PACKAGE may have also omitted the next step of mailing the SERVICE PACKAGE to me, I shall refrain from speculating or making any conclusions within the context of an affidavit limited to personal knowledge.

5.  I have just today had an opportunity to discover and view an Order on the electronic Docket dated April 17, 2018 granting me until May 17, 2018 to serve on Defendants the summonses that the Clerk supposedly delivered to me.  Without any summonses delivered to me; and without any summonses visible anywhere on the Docket, it is not possible to carry out the court's Order in its present form.  Accordingly, I respectfully ask the Court to grant relief by either rescinding its Order of April 17, 2018 or by enlarging the time within

[2]

which to serve each of the seventeen named Defendants.  I also respectfully request the Court's assistance by instructing the Clerk to provide to me a full SERVICE PACKAGE that includes seventeen summonses, so that I can comply with the procedures established under Court Rules.

6. Upon examining Orders of this Court for the first time today, learned that the Court is uncertain as to why I chose the Southern District of New York as the initial venue.  To answer the Court's question, the first reason is that I am concerned that a conflict might occur if the matter were to be filed in the federal district court of New Jersey, because some of the defendants are officers and agencies of political subdivisions of New Jersey government, raising the potential for undue influence on the New Jersey district court.  The second reason is that any initial venue that I choose is likely to be short-lived because one or more defendants, scattered around the country and around the World, will certainly object that the forum is inconvenient; and will quickly request a change of venue.

7. I am desirous of prosecuting this matter promptly and vigorously.  Therefore in an abundance of diligence, I have arranged to travel in person to the federal Courthouse to file this Affidavit in person; and to ask the Clerk to place a SERVICE PACKAGE and a set of seventeen summonses directly into my hand.


Further affiant sayeth not.


_____

**ABRAHAM J. MYKOFF**


[3]

Subscribed to and affirmed before me on this ⟍⟍ day of April 2018:

_____
NOTARY PUBLIC
STATE OF NEW JERSEY

My commission expires:

_____
07/15/2021

SERGE SHAPIRO
Notary Public - State of New Jersey
My Commission Expires Jul 15, 2021

[4]