# SZAFERMAN LAKIND

Szaferman, Lakind, Blumstein & Blader, P.C.
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
P: 609.275.0400
F: 609.275.4511

120 Sanhican Drive
Trenton, NJ 08618
P: 609.771.8611
F: 609.771.8612

The Atrium at 47 Maple Street
3rd Floor
Summit, NJ 07901
P: 908.219.4219
F: 908.219.4561
www.szaferman.com

Arnold Lakind
Barry D. Szaferman
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Janine G. Bauer***
Bruce M. Sattin***
Jonathan I. Epstein
Samuel M. Gaylord*+++

*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars

Brian M. Schwartz**
Edward S. Kahn
Robert P. Panzer
Benjamin T. Branche*
Michael D. Brottman**
Janine Danks Fox*
Thomas J. Manzo**
Brian A. Heyesey
Lindsey Moskowitz Medvin**
Janis A. Eisl*
Marc A. Brotman**
Max H. Steinberg
Alexandrea M. Jacinto

+Certified Matrimonial Attorney
++Certified Civil Trial Attorney
+++Certified Workers Comp Attorney
++++Certified Workers Comp & Civil Trial Attorney

Of Counsel
Stephen L. Skillman
Anthony J. Parrillo
Jeffrey M. Hall
Bryce S. Chase++++
Kim A. Otis
Kristine Dress Brown**

Counsel
Huff, Moran & Orron, LLC
1246 South River Road
Cranbury, NJ 08512
P: 609.655.3600

Retired:
Jeffrey P. Blumstein
Steven Blader
Linda R. Feinberg

April 10, 2024

The Honorable Tonianne J. Bongiovanni
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 6E
Trenton, NJ 08680

     Re:  Mykoff v. Home Depot, Inc., et al
        <u>Docket No.:  3 : 18-13110 (GC/TJB)</u>

Dear Judge Bongiovanni,

  This joint letter is submitted as required by Your Honor's Orders of March 13 and April 7, 2024 to apprise the Court whether Plaintiff's Rule 30(b)(6) depositions have been conducted.

  Plaintiff served a revised notice of depositions as required by Your Honor in December 2023. On March 28, 2024, Home Depot submitted a lengthy letter to Plaintiff objecting to every one of the 20 topics proposed. Plaintiff responded to that letter on April 3 addressing each objection.  Plaintiff's letter concluded with a proposal pursuant to which Plaintiff agreed to omit five designated topics in return for which Home Depot would accept five designated topics and the remaining ten topis would be subject to a meet and confer.

  On April 10, 2024, Home Depot responded to Plaintiff's counsel providing an alternative compromise. Home Depot will produce a merchant with knowledge of the Cuori HD904-A7Q space heater.  We believe that five of the 20 topics are relevant with some modification.  We asked Plaintiff to complete this deposition and reconsider the need for a deposition on the remaining topics, as we do not believe a corporate representative is appropriate.

  Plaintiff received Home Depot's counter proposal this afternoon and will review it and contact that Court if an agreement cannot be reached.

7006928.1



April 10, 2024<br/>Page 2

Copies of the parties' letters are attached as Exhibits A and B.

Thank you.

                                         Respectfully submitted,

                                         **SZAFERMAN, LAKIND,**
                                           **BLUMSTEIN & BLADER, P.C.**

                                         <u>*s/Arnold C. Lakind*</u>
                                           Arnold C. Lakind, Esq.

ACL/s
Attachments

c:  Michael N. Giacopelli, Esq.
     Meagan Gabriel, Esq.

EXHIBIT A



**PARSKY & GALLOWAY, LLC**
ATTORNEYS AT LAW

Office: (973) 520-4340  
Fax: (973) 520- 4329  
www.pg-lawoffice.com

*Michael N. Giacopelli, Esq.*  
*Managing Partner for*  
*New York and New Jersey*

March 28, 2024

Arnold Lakind  
Szaferman, Lakind, Blumstein  
& Blader, P.C.  
101 Grovers Mill Road, Suite 200  
Lawrenceville, New Jersey, 08648

      RE:   *Rabbi Abraham Mykoff and Poile Zedek Congregation, Inc. v. Home Depot, Inc. et. al.*  
            Docket No.: 18-cv-13110

Dear Mr. Lakind:

    As you are aware, this office represents Home Depot U.S.A., Inc. in the above referenced matter. We are in receipt of Plaintiff's 30(b)(6) Notice for a corporate representative deposition. Please accept this correspondence as Home Depot's objections to the topics designated and Home Depot's objection to present a witness in person. To the extent the Court permits the deposition of a corporate representative, the deposition will proceed in Atlanta, Georgia. Please accept this letter as Defendant's good faith effort to resolve a discovery dispute.

1. Home Depot objects to the following topics as they are objectionable on several grounds, including but not limited to the fact that they fail comply with the ***reasonable particularity*** requirement of Rule 30(b)(6). Many are inappropriate in their entirety and are addressed below.

        a.  <u>Topic 1:</u>  <u>The date of the creation of the Home Depot, Inc. Claims Database</u>. Home Depot objects to this topic inasmuch as it seeks general information without reasonable particularity relating to the date a database was created. Home Depot also objects to this topic as vague, ambiguous, over broad and seeks information protected by the work-product doctrine and attorney-client privilege, is confidential and proprietary, and is otherwise unlikely to lead to evidence admissible at trial. Furthermore, this topic date at which a database was created has no bearing on the facts of this case. Significant discovery was completed regarding the other incident searches and reports, including an opinion rendered by the

120 N. LaSalle Street  
Suite 3200  
Chicago, IL 60602

466 Southern Boulevard  
Washington Building, 1st Floor  
Chatham, NJ 70928

One Liberty Plaza  
165 Broadway, 23d Floor  
New York, NY 10006

       Honorable Bongiovanni limiting the disclosure of the reports for a specific timeframe, using specific search words. This request is beyond the scope of the permissible discovery. It is not an appropriate topic for a 30(b)(6) deposition.

  b. <u>Topic 5:</u> <u>Confidentiality agreements signed by individuals who have seen or entered data into the Home Depot Inc. Claims Database.</u> Home Depot also objects to this topic as vague, ambiguous, over broad and seeks information protected by the work-product doctrine and attorney-client privilege, is confidential and proprietary, and is otherwise unlikely to lead to evidence admissible at trial. Furthermore, this topic is not specific to any database search in particular, so it is virtually impossible to understand what information plaintiff is seeking.

  c. <u>Topic 10:</u> <u>The categories of information maintained by Home Depot Inc. when it receives information about a fire or an explosion of an oil filled space heater.</u> Home Depot objects to this topic inasmuch as it seeks general information relating to the date a database category which are not germane to this case. Home Depot also objects to this topic as vague, ambiguous, over broad and seeks information protected by the work-product doctrine and attorney-client privilege, is confidential and proprietary, and is otherwise unlikely to lead to evidence admissible at trial. Significant discovery was completed regarding the other incident searches and reports, including an opinion rendered by the Honorable Bongiovanni limiting the disclosure of the reports for a specific timeframe, using specific search words. This request is beyond the scope of the permissible discovery, as it the information sought is both not relevant or proportional to the needs of this case. It is not an appropriate topic for a 30(b)(6) deposition.

  d. <u>Topic 11:</u> <u>Home Depot Inc.'s investigation of fire and/or explosion damage claims arising out of an alleged malfunctions in oil filled space heaters.</u> Home Depot objects to this topic as it is vague, overly broad, seeks information not likely to lead to evidence admissible at trial and seeks information that may be protected by the attorney-client privilege and work-product doctrine. Furthermore, as worded, it is unclear what information Plaintiff is seeking from this topic. Significant discovery was completed regarding the other incident searches and reports, including an opinion rendered by the Honorable Bongiovanni limiting the disclosure of the reports for a specific timeframe, using specific search words. This request is beyond the scope of the permissible discovery, as it the information sought is both not relevant or proportional to the needs of this case.

  e. <u>Topic 17:</u> <u>Home Depot Inc.'s communications with Intertek Testing Services, N.A., Inc. (or any parent, subsidiary or affiliate thereof; hereafter "Intertek") with regard to oil filled space heaters which include communications about (a) evaluating oil filled space heaters: (b) auditing whether Cuori undertook to perform tests of oil filled space heaters required by Intertek.</u> Home Depot also objects to this topic as vague, ambiguous, overly broad, seeks information that is protected by the work-product doctrine and attorney-client privilege, is confidential and/or proprietary, and

120 N. LaSalle Street  
Suite 3200  
Chicago, IL 60602

466 Southern Boulevard  
Washington Building, 1st Floor  
Chatham, NJ 70928

One Liberty Plaza  
165 Broadway, 23d Floor  
New York, NY 10006

is otherwise not likely to lead to evidence admissible at trial. To the extent Plaintiff has any questions or concerns regarding any communications disclosed in discovery, those questions should be directed to Home Depot's counsel. It is not an appropriate topic for a 30(b)(6) deposition.

2. Home Depot objects to the following topics on several grounds, including but not limited to the information sought is ***cumulative and or duplicative*** and not reasonably calculated to lead to the discovery of admissible evidence. Home Depot objects to the following topics as the information sought is ***overbroad*** and does not contain sufficient limiting language. Further, some of these topics are wholly inappropriate for a 30(b)(6) deposition. These topics are vague, not narrowly tailored to the facts of this case and are burdensome. A party is permitted to object to a 30(b)(6) request if the discovering party has already obtained sufficient discovery on the noticed topics or if the discovery is available through less burdensome means. Many of the requested topics mirror Plaintiff's Interrogatories and Document Requests. Home Depot has provided sufficient responses and objections to Plaintiff's Interrogatories. Home Depot incorporates its objections to each, and every request previously sought in Plaintiff's Interrogatories and Document Requests.

   a. Topic 9: <u>The number of claims received by Home Depot, Inc. which relate to an alleged fire or explosion claimed to have occurred in an oil filled space heater sold by Home Depot Inc.</u> Home Depot refers to the objections set forth in the second objection above. Significant discovery was completed regarding the other incident searches and reports, including an opinion rendered by the Honorable Bongiovanni limiting the disclosure of the reports for a specific timeframe, using specific search words. This request is beyond the scope of the permissible discovery, as it the information sought is both not relevant or proportional to the needs of this case.

   b. Topics 12 and 13: <u>Home Depot's policies with regard to product recalls and Home Depot, Inc.'s recalls of oil filled space heaters</u>. The topics as worded, covers policies and procedures not germane to this litigation. Home Depot has responded to Interrogatories indicating that there were no product recalls for the subject product. As such, Home Depot objects as this topic is outside the scope of this case, are vague, overly broad, unduly burdensome, lacks reasonable particularity, and is not reasonable calculated to lead to the discovery of evidence admissible at trial. Finally, these requests are also cumulative and duplicative and not reasonably calculated to lead to the discovery of admissible evidence. Since the subject product was not subject to a recall, no such witness can testify on this topic.

   c. Topic 14: <u>Home Depot's testing of oiled failed space heaters for safe.</u> Home Depot refers Plaintiff to Home Depot's responses to Plaintiff's Interrogatories dated July 9, 2019, response number 5. Cuori, not Home Depot, conducted all tests on its space heaters. Since Home Depot did not perform any testing, no such witness can testify on this topic.

   d. Topic 15: <u>Home Depot Inc.'s knowledge with regard to (a) malfunctions in oil filled space heaters manufactured by Cuori (or any parent, subsidiary or affiliate thereof); (b) changes in the design of oil filled space heaters manufactured by</u>

120 N. LaSalle Street  
Suite 3200  
Chicago, IL 60602

466 Southern Boulevard  
Washington Building, 1st Floor  
Chatham, NJ 70928

One Liberty Plaza  
165 Broadway, 23d Floor  
New York, NY 10006

        Cuori (or any agent or affiliate thereof). Home Depot refers Plaintiff to Home Depot's responses to Plaintiff's Interrogatories dated July 9, 2019, response numbers 1 and 3. Home Depot had no role in developing any specifications for the subject Cuori Space Heater, such information would be in the custody and control of Cuori Electrical Appliances (Group) Co., Ltd. Further, Home Depot has not previously been informed that a Cuori Space Heater like the one involved in the subject incident either exploded or ignited. Since Home Depot had no role in developing any specifications, no such witness can testify on this topic.

    e. <u>Topic 16: Home Depot Inc.'s communications with Cuori concerning any claimed malfunctions in oil filled space heaters which were claimed to be involved in a fire or an explosion.</u> Home Depot refers to the objections set forth in the second objection above.

    f. <u>Topic 18: Home Depot, Inc.'s review of and role in the preparation of the Cuori Instruction Manual accompanying Cuori space heater model number HD904-A7Q.</u> Home Depot objects to this topic as it had no role in the preparation of the Cuori Instruction Manual accompanying the Cuori space heater model number HD904-A7Q, as such, no such witness can testify on this topic.

    g. <u>Topic 19: Home Depot, Inc.'s knowledge with regard to recalls of oil filled space heaters by the Consumer Product Safety Commission and Home Depot Inc.'s responses to such results.</u> The topics as worded, covers policies and procedures not germane to this litigation. Home Depot has responded to Interrogatories indicating that there were no product recalls for the subject product. As such, Home Depot objects as this topic is outside the scope of this case, is vague, overly broad, unduly burdensome, lacks reasonable particularity, and is not reasonable calculated to lead to the discovery of evidence admissible at trial. Finally, these requests are also cumulative and duplicative and not reasonably calculated to lead to the discovery of admissible evidence. Since no recalls existed for the subject product, no such witness can testify on this topic.

    h. <u>Topic 20: Modifications in design of any Cuori oil filled space heater sold by Home Depot, Inc.</u> Home Depot refers Plaintiff to Home Depot's responses to Plaintiff's Interrogatories dated July 9, 2019, response numbers 1. Home Depot had no role in developing any specifications for the subject Cuori Space Heater, such information would be in the custody and control of Cuori Electrical Appliances (Group) Co., Ltd. Since Home Depot did not modify the design of any Cuori oil filled space heaters, no such witness can testify on this topic.

3. Home Depot objects to the following topics on the ground that the noticed topics are objectionable for a number of reasons, including but not limited to the topics are not reasonably calculated to lead to the discovery of admissible evidence, are ***disproportionate*** to the needs of the case, and the burden and cost of preparing a witness outweighs any minimal benefit the deposition may have. Several are wholly inappropriate.

    a. <u>Topic 2: The fields of information included in the Home Depot Claims Database.</u> Home Depot also objects to this topic as vague, overbroad, unduly burdensome, seeks information that is confidential and proprietary and is not likely to lacks reasonable particularity and seeks information not

      likely to lead to evidence admissible at trial. Significant discovery was completed regarding the other incident searches and reports, including an opinion rendered by the Honorable Bongiovanni limiting the disclosure of the reports for a specific timeframe, using specific search words. This request is beyond the scope of the permissible discovery, as it the information sought is both not relevant or proportional to the needs of this case.

b. <u>Topic 3: Home Depot Inc.'s retention of documents or other information used to enter data into the Home Depot, Inc. Claims Database.</u> Home Depot also objects to this topic as vague, ambiguous, overly broad, seeks information that is protected by the work-product doctrine and attorney-client privilege, is confidential and/or proprietary, and is otherwise not likely to lead to evidence admissible at trial. Further, each search is conducted is specific and subject to a particular request. This is not an appropriate topic for a 30(b)(6) deposition.

c. <u>Topic 4: The identity of individuals who (a) enter information into the Home Depot Inc. Claims Database which involve claims arising out of malfunctions of oil filled space heaters; and/or (b) investigated such claims.</u> Home Depot also objects to this topic as vague, overbroad, unduly burdensome, seeks information that is confidential and proprietary and is not likely to lacks reasonable particularity and seeks information not likely to lead to evidence admissible at trial. As worded, this seeks a corporate representative to testify as to the names of the individuals who enter information into the database, none of which is germane to this litigation. Further, determining who input certain claims across the nation would be unduly burdensome and place a significant and unnecessary burden on Home Depot to identify the individual who input the claim. There is no probative value in this information. This is not an appropriate topic for a 30(b)(6) deposition.

d. <u>Topic 6: Whether the Home Depot Inc. Claims Database has been provided to any non-attorney.</u> Home Depot also objects to this topic as vague, overbroad, unduly burdensome, seeks information that is confidential and proprietary and is not likely to lacks reasonable particularity and seeks information not likely to lead to evidence admissible at trial. As worded, it is impossible to determine the information sought from this topic. Furthermore, there is no probative value in this information. This is not an appropriate topic for a 30(b)(6) deposition.

e. <u>Topic 8: The information retention policy of Home Depot, Inc., with regard to the Home Depot Inc. Claims Database and/or information provided to Home Depot. Inc. from which data is extracted for inclusion within the Home Depot Inc. Claims Database.</u> Home Depot also objects to this topic as vague, ambiguous, overly broad, seeks information that is protected by the work-product doctrine and attorney-client privilege, is confidential and/or proprietary, and is otherwise not likely to lead to evidence admissible at trial. Further, each search that is conducted is specific and subject to a particular request. This is not an appropriate topic for a 30(b)(6) deposition.

120 N. LaSalle Street  
Suite 3200  
Chicago, IL 60602

466 Southern Boulevard  
Washington Building, 1st Floor  
Chatham, NJ 70928

One Liberty Plaza  
165 Broadway, 23d Floor  
New York, NY 10006

Home Depot objects to the following requests as they seek documents rather than an individual with knowledge regarding a certain topic:

1. <u>Topic 7:</u> <u>Reports made by Home Depot, Inc. to any Federal or State agency upon receipt of information that a fire or explosion has occurred in an oil filled space heater which it has sold.</u> This request is improper as it seeks documents rather than a topic for a corporate deposition.

The undersigned counsel is available for a conference call to further discuss this matter. Once the topics have been agreed upon, Home Depot requests that the document request in Exhibit B is revised in accordance with the topics. Home Depot will not separately respond to the document request at this time. At your earliest convenience, please forwarded an Amended Rule 30(b)(6) Notice for Home Depot's consideration. Defendant reserves the right to request a conference with the Court, to file a motion for a protective order or to quash the notice or any future notice.

Thank you for your attention to this matter.

Respectfully submitted,

*Michael N. Giacopelli*

Michael N. Giacopelli, Esq,
Meagan Gabriel, Esq,

EXHIBIT B

1248429.1

**SZAFERMAN LAKIND**

Szaferman, Lakind, Blumstein & Blader, P.C.
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
P: 609.275.0400
F: 609.275.4511

120 Sanhican Drive
Trenton, NJ 08618
P: 609.771.8611
F: 609.771.8612

The Atrium at 47 Maple Street
3rd Floor
Summit, NJ 07901
P: 908.219.4219
F: 908.219.4561
www.szaferman.com

Arnold Lakind
Barry D. Szaferman
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Janine G. Bauer***
Bruce M. Sattin***
Jonathan I. Epstein
Samuel M. Gaylord*+++

*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars

Brian H. Stewart**
Edward S. Kahn
Robert P. Panzer
Benjamin T. Branche*
Michael D. Brottman**
Janine Danks Fox*
Thomas J. Manzo**
Brian A. Heyesey
Lindsey Moskowitz Medvin**
Janis A. Eisl*
Marc A. Brotman**
Max H. Steinberg
Alexandrea M. Jacinto

+Certified Matrimonial Attorney
++Certified Civil Trial Attorney
+++Certified Workers Comp Attorney
++++Certified Workers Comp & Civil Trial Attorney

Of Counsel
Stephen L. Skillman
Anthony J. Parrillo
Jeffrey M. Hall
Bryce S. Chase++++
Kim A. Otis
Kristine Dress Brown**

Counsel
Huff, Moran & Orron, LLC
1246 South River Road
Cranbury, NJ 08512
P: 609.655.3600

Retired:
Jeffrey P. Blumstein
Steven Blader
Linda R. Feinberg

April 3, 2024

Meagan Gabriel, Esq.
Michael N. Giacopelli, Esq.
Parsky & Galloway, LLC
466 Southern Boulevard
Washington Building, 1st Floor
Chatham, NJ 07928

      Re:    Rabbi Abraham Mykoff et al v. Home Depot, Inc.
              Docket No.: 18-cv-13110
              <u>Rule 30(b)(6) topics</u>

Dear Meagan and Mike:

      This letter responds to your letter of March 28, 2024 with regard to Plaintiff's Rule 30(b)(6) topics.[1]

      It does not appear that there is a single one of Plaintiff's proposed topics which is acceptable to Home Depot, Inc. Rather, every topic is met with a boilerplate objection. Rather than address Plaintiff's response to each objection repeatedly, this letter first discusses each category of objection, then each of the topics and, at the end, proposes a compromise.

---

[1] As for the location of the deposition, we can further discuss that at a later date. However, if it is to be in Atlanta once we resolve the permissible topics, I may wish to conduct the deposition over Zoom.

7000318.1





April 3, 2024
Page 2

### I.   Response to Boiler Plate Objections

The boilerplate objections in your letter are improper for the following reasons.

**A.   Objections Based Upon Ambiguity and Vagueness:** An objection to discovery which simply characterizes a discovery request as ambiguous or vague is not permitted. Please explain how each topic description is ambiguous or vague and let me know precisely what information is needed to allow Home Depot, Inc. to prepare a witness. *Cf. Burns*, 164 F.R.D. 589, 593 (W.D. N.Y. 1996); *United States v. 58.16 Acres of Land*, 66 F.R.D. 570, 572 (E.D. Ill. 1975); *Harding v. Dana Transp.*, 914 F. Supp. 1084, 1102; and *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980).

**B.   Objections Based on Over breadth:** Please explain the basis of each objection and describe what you believe to be an acceptable scope for each topic. A mere statement that a discovery request is over broad is improper. *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D. N.Y. 2000); *Roesberg v. Johns-Manville Corp., supra*; *Am. Rock Salt Co. v. Norfolk S. Corp.*, 228 F.R.D. 426, 444 (W.D.N.Y. 2005); and *Cliffstar Corp. v. Sunsweet Growers, Inc.*, 218 F.R.D. 65, 69-70 (W.D.N.Y. 2003).

**C.   Attorney Client Privilege:** Plaintiff does not seek testimony about discussions with counsel. Rather, each topic seeks underlying facts. If Home Depot, Inc. intends to advance this objection, it should do so in response to individual questions propounded at the deposition. If in fact all of the information addressed by a topic is privileged, please provide a privilege log which includes the information required by Rule 26. *See Brock v. Gerace*, 110 F.R.D. 58 (D. N.J. 1986); *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 732 (D.N.J. 2022).

**D.   Work Product:** Work product protection confers a qualified privilege only on documents prepared by or for an attorney in anticipation of litigation. *Solis v. the Food Employers Labor Relations Ass'n, et al.*, 644 F.3d 221, 231-2 (4th Cir. 2011). Therefore, in order to invoke this protection, it would be incumbent upon Home Depot to demonstrate that the material at issue was prepared in anticipation of some litigation. Please identify that litigation.

In addition, some of the material that is the subject of the topics was likely prepared to assist Home Depot in deciding what products to market and to fulfill its reporting requirement to the Consumer Product Safety Commission. See e.g. https://www.cpsc.gov/Business--Manufacturing/Recall-Guidance/Duty-to-Report-to-the-CPSC-Your-Rights-and-Responsibilities. Such dual purpose documents do not qualify as work product. *See Food Employers Labor*

*Relations Ass'n et al.*, 644 F.3d 221, 232 (4th Cir. 2011) (*quoting Nat'l Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992) ("Materials prepared in the ordinary course of business or pursuant to regulatory requirements or for other non-litigation purposes do not constitute documents prepared in anticipation of litigation protected by the work product doctrine").

Moreover, if a requesting party cannot "without undue hardship. . . obtain the substantial equivalent of the materials by any other means," work product information is discoverable. *In re Cendant Corp. Sec. Litig.*, 343 F. 3d 658, 662 (3d Cir. 2003). It is impossible for Plaintiff to obtain the data underlying the topics inasmuch as Plaintiff does not know the identity of the complainants or the content of the Home Depot Claims Database.

Finally, the work product doctrine does not protect underlying facts. *Koch Materials Co., v. Shore Slurry Seal, Inc.*, 208 F.R.D. 109, 121 (D.N.J. 2002); *United States v. Dentsyply Int'l, Inc.*, 187 F.R.D. 152, 155 (D.C. Del., 1999); *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 629 (D. Okla. 2009). In its deposition notice, Plaintiff only seeks facts.

  E. **Confidential Information:** Inasmuch as there is a confidentiality order in place, this is not a proper objection. *Molecular Research, Inc .v. Schloemer*, 274 F.R.D. 22, 26 (D.C, Cir. 2011).

  F. **Judge Bongiovanni's Rulings.** Judge Bongiovanni never addressed the scope of the Rule 30(b)(6) topics about which Plaintiff may inquire. Based upon representations of Home Depot, the Court did limit the data which Home Depot was required to provide in discovery in connection with "other incident reports" after applying a "similarity" test. Home Depot represented to the Court, at times, that it had very limited information. Several of Plaintiff's topics are intended to obtain binding testimony to that effect. If Home Depot, as it represented, maintained very limited information, that would be relevant to whether Home Depot acted reasonably in the sale of space heaters that shared attributes similar to those involved in fires or explosions. *See e.g. Feldman v. Lederle Labs.*, 97 N.J. 429, 451 (1984); *Hughes v. A. W. Chesterton Co.*, 435 N.J. Super. 326 (App. Div. 2014) (test in products liability case is whether the seller acted reasonably in selling and marketing a product).

**II.** **Specific Objections**

  A. **Objections Based on Failure to Provide Reasonable Particularity:**

  Topic 1: <u>The date of the creation of the Home Depot Inc. Claims Database</u>: I do not understand how this topic can be made more particular. Home Depot informed Plaintiff and the Judge that it maintains a claims database. Plaintiff merely wishes to know when it began to do so. A date cannot be protected by the attorney client privilege, as it is not a communication with

counsel. Nor can the date be work product inasmuch as facts are not work product. If you insist on invoking work product objection, please specifically identify the litigation that was pending or anticipated that prompted the creation of the database. As for confidentiality, there is a confidentiality order in place which undermines that objection. The Judge did not address this topic at any time. The Court only addressed the period of time during which Home Depot was required to disclose other incident reports based on Home Depot's burden argument. It cannot be burdensome to provide a date.

  Topic 5: <u>Confidentiality agreements signed by individuals who have seen or entered data into the Home Dept, Inc. Claims Database.</u> Please see Plaintiff's response to topic 1. This topic goes to the legitimacy of Home Depot, Inc.'s claims of confidentiality and privilege.

  Topic 10: <u>The categories of information maintained by Home Depot, Inc when it receives information about a fire or an explosion of an oil filled space heater.</u> Plaintiff intends to argue that, as a retailer of oil filled space heaters, Home Depot had an obligation to act reasonably in selling those space heaters. *See Feldman v. Lederle Labs*, 97 N.J. at 451. Many courts have allowed a plaintiff to advance proof about similar incidents when advancing this argument. If Home Depot had information about the result of any investigation it made into similar incidents, such as the magnitude of damage, the cause of the incident, and the like, that would be relevant to assessing whether Home Depot behaved reasonably in selling the Cuori oil filled space heater. If Home Depot did not maintain that information, then that would be relevant to punitive damages and whether Home Depot fulfilled its obligations to the Consumer Product Safety Commission. Judge Bongiovanni never addressed this issue other than accepting defense counsel's representation that it had very limited information. Plaintiff wishes to test that representation.

  Topic 11: <u>Home Depot Inc.'s investigation of fire and/or explosion damage arising out of alleged malfunctions in oil filled space heaters.</u> It is unclear how this topic description can be vague as it only seeks a description of what Home Depot did when it had information about fire and or explosion damage arising out of malfunctions in oil filled space heaters. If Home Depot undertook a diligent investigation and learned of the existence, in other space heaters, of the defects identified in Mr. Bullington's report but did nothing, that would be relevant to whether Home Depot behaved reasonably in selling the subject space heater. *See Feldman, supra.* If Home Depot made no investigation upon learning of fires and/or explosions arising out of the use of space heaters, that would also be relevant to the reasonableness inquiry discussed in *Feldman.* Home Depot's investigation are not communications with counsel. If you wish to assert a work product objection, please let me know (1) if the investigations were at the behest of counsel; and (2) the identity of the cases which necessitated those investigations.

  Topic 17: <u>Home Depot Inc.'s communications with Intertek Testing Services, N.A., Inc. . . . with regard to oil filled space heaters which include communications about (a) evaluating oil filled space heaters; (b) auditing whether Cuori undertook to perform tests of oil filled space</u>

**SZAFERMAN LAKIND**

April 3, 2024
Page 5

heaters required by Intertek. It is unclear how the identification of a communication can be vague. It does not seem that this topic seeks work product. If you continue to assert a work product protection, please identify the litigation involved. A communication with a third party cannot be the subject of the attorney client privilege.

**B.    Objection Based on Duplicativeness and Over Breadth:**

See generally discussion above.

Topic 9: <u>The number of claims received by Home Depot, Inc which relate to an alleged fire or explosion claimed to have occurred in an oil filled space heater sold by Home Depot.</u> While counsel to Home Depot has made certain representations addressed to this issue, Plaintiff simply seeks to bind Home Depot to a specific number.

Topics 12 and 13: <u>Home Depot Inc.'s policies with regard to product recalls and Home Depot Inc.'s recalls of oil filled space heaters.</u> I recognize that Home Depot has represented that it made no recalls of oil filled space heaters. However, if Home Depot's policies are out compliance with Consumer Product Safety Commission rules, that would be relevant to an assessment of Home Depot's conduct. This request cannot be vague, it simply seeks a description of Home Depot's policies. Nor is the request cumulative, as it was never asked before.

Topic 14: <u>Home Depot, Inc.'s testing of oil filled space heaters for safety.</u> Given your representation, Plaintiff will withdraw this topic if we can come to an agreement on other topics.

Topic 15: <u>Home Depot Inc.'s knowledge with regard to (a) malfunctioning oil filled space heaters manufactured by Cuori (any parent, subsidiary or affiliate thereof); and (b) changes in the design of oil filled space heaters manufactured by Cuori (or any agent of affiliate thereof).</u> Plaintiff understands that Home Depot had no role in developing any specifications for the subject Cuori space heater. However, the design of the space heater was changed and Plaintiff wishes to learn if Home Depot was aware of the change and the reasons it was undertaken. Plaintiff did not confine this request to space heaters "like the one involved in the subject incident." Cuori sold several models of the space heater which shared the dangerous components at issue in this case, and Plaintiff wants to learn of information about Home Depot, Inc.'s knowledge of changes made to those space heaters.

Topic 16: <u>Home Depot's Inc.'s communications with Cuori concerning any claimed malfunctions in oil filled space heaters which were claimed to be involved in a fire or an explosion.</u> See response to topic 15.

Topic 18: <u>Home Depot, Inc.'s review of and role in the preparation of the Cuori Instruction Manual accompanying Cuori space heater model number HD9014-A7Q.</u> Plaintiff is willing to limit this topic to Home Depot Inc.'s review of the manual and to omit from this topic any aspect of its role in the preparation of the manual. Will that change make this topic description acceptable?

Topic 19: <u>Home Depot, Inc.'s knowledge with regard to recalls of oil filled space heaters by the Consumer Product Safety Commission and Home Depot, Inc.'s response to such recalls.</u> If Home Depot was aware of the recall of similarly designed space heaters, it was incumbent upon Home Dept to investigate whether the Cuori space heater shared defects common to those recalled. This request is not cumulative as it had not been the subject of any discovery.

Topic 20: <u>Modifications in design of any Cuori filled space heater sold by Home Depot, Inc.</u> If Home Depot continued to market space heaters with dangerous designs after changes by the manufacturer, that would be relevant to the reasonableness of Home Depot, Inc.'s conduct.

C. **Home Depot's Objections Based on Proportionality:**

Tepic 2: <u>The fields of information included in the Home Depot Claims Database.</u> Please explain how this topic wording could be vague. It seems straightforward and relatively easy to identify the title of the various fields in the database given the restrictive nature of this inquiry, it is not disproportional.

Topic 3: <u>Home Depot Inc.'s retention of documents or other information used to enter data in the Home Depot Inc. Claims Database.</u> It is unclear how an inquiry about what Home Depot does with information pertaining to claims can be vague or ambiguous, please explain.

Topic 4: <u>The identity of individuals who (1) enter information into the Home Depot, Inc. Claims Database which involved claims arising out of malfunctions of oil filled space heaters; and/or (b) investigated such claims.</u> Plaintiff's response to Home Depot's objections are set forth in Section I above.

Topic 6: <u>Whether the Home Depot, Inc. Claims Database has been provided to any non-attorney.</u> Home Depot has claimed that the database is subject to the attorney client privilege. If the claims database was provided to a non-attorney, that objection would not be available.

Topic 8: <u>The information retention policy of Home Depot, Inc., with regard to the Home Depot Inc. Claims Database and/or information provided to Home Depot. Inc. from which data is extracted for inclusion within the Home Depot Inc. Claims Database.</u> This request does not seek information with regard to communications with counsel.

**SZAFERMAN LAKIND**

April 3, 2024
Page 7

Topic 7: <u>Reports made by Home Depot, Inc. to any Federal or State agency upon receipt of information that a fire or explosion has occurred in an oil filled space heater which it has sold.</u> Plaintiffs agree to reword this topic to read "Knowledge of reports made by Home Depot, Inc. to any Federal or State agency upon receipt of information that a fire or explosion has occurred in an oil filled space heater which it has sold." Please let me know if that change will eliminate your objection.

**III.     Proposed Compromise**

In an effort to limit the areas of disagreement, Plaintiff would be willing to eliminate topics 1, 4, 6, 14, and 20 provided Home Depot selected 5 topics from those remaining to which it would not object. That would leave 10 topics for further discussion or, if we cannot come to an agreement, resolution by the Judge.

Thank you.

Very truly yours,

**SZAFERMAN, LAKIND,
BLUMSTEIN & BLADER, P.C.**

*s/Arnold C. Lakind*
Arnold C. Lakind, Esq.

ACL/s

C:     Harold Gerr, Esq.
        Clients